FILED
U.S. DI...

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

2013 ... -7  PM 3: 13

| | | |
|---|---|---|
| JOY McLEOD, | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | **13 CV  3907** |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | |
| MERCANTILE ADJUSTMENT BUREAU, | ) | **Jury Trial Demanded** |
| LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

JUDGE KARAS

## NATURE OF ACTION

1.      This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, and Defendant transacts business in this district.

## PARTIES

4.      Plaintiff Joy McLeod ("Plaintiff") is a natural person who at all relevant times resided in the State of New York, County of Westchester, and City of Chappaqua.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant Mercantile Adjustment Bureau, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

*Complaint*
*Page 1 of 5*

7.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.      Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

9.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

11.     On or about February 10, 2010, Plaintiff sent Defendant written correspondence demanding that Defendant cease and desist from contacting Plaintiff regarding any and all claims.  (*See* February 10, 2010 Correspondence, attached as Exhibit A).

12.     In connection with the collection of an alleged debt, Defendant's agent and/or employee "Julie Earl," placed a call to Plaintiff's cellular telephone number on February 15, 2013 at approximately 12:37 P.M., and left the following voice message:

> The message is for the McLeod residence for Joy, Joy McLeod.  Julie Earl, I'm from Mercantile Adjustment Bureau.   Toll free number Joy, 877-230-8414.   My extension is 8266. Thank you. Bye.

13.     Defendant's February 15, 2013 voicemail message failed to notify Plaintiff that the communication was from a debt collector.

14.     By failing to disclose that the communication was from a debt collector in its February 15, 2013 voicemail message, Defendant failed to meaningfully disclose its identity to Plaintiff.

15.     Throughout March and April, 2013, Plaintiff received numerous other voice messages substantially similar to the February 15, 2013 message, which also failed to disclose the nature or purpose of the call, or that it was from a debt collector.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(c)

16.     Plaintiff repeats and re-alleges each and every factual allegation contained above.

17.     Defendant violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff after having received a letter from Plaintiff with a request to cease further communication.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(c);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
### VIOLATION OF 15 U.S.C. § 1692d(6)

18.     Plaintiff repeats and re-alleges each and every factual allegation contained above.

19.     Defendant violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
### VIOLATION OF 15 U.S.C. § 1692e(11)

20.     Plaintiff repeats and re-alleges each and every factual allegation contained above.

21.     Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

22.     Plaintiff is entitled to and hereby demands a trial by jury.

Dated: May 16, 2013.

Respectfully submitted,

Jeanne Lahiff, Esq.
NY Bar No. 2252435
*Weisberg & Meyers, LLC*
80 Broad Street, 5th Floor
New York, NY 10004
(888) 595-9111 ext. 511
(866) 842-3303 (fax)
JLahiff@attorneysforconsumers.com

*Please send correspondence to the address below:*

*Weisberg & Meyers, LLC*
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012

# EXHIBIT "A"

EXHIBIT "A"

February 10, 2010

Joy McLeod

12 Pines Lane
Chappaqua, NY 10514

Mercantile Adjustment Bureau, LLC
Mr. N.B. Sherman

PO Box 9016
Williamsville, NY 14231-9016

Re: ACCOUNT NO.   Wamu / ███████████ 4559

Certified Mail RRR # 7009 2250 0000 3393 1767

Dear Sir:

This letter is to inform you and your company to cease and desist any and all actions and claims against me.   I am in receipt of your company's letter informing me you are handling the collection of the account mentioned above. However, after reviewing my records, I am unable to find any documentation of any contractual relationship between you, Mercantile Adjustment Bureau, LLC  and me, Joy Mcleod, which gives you or your office the right to enforce a commercial claim against me. This letter is not a request for "verification" or "validation".

This letter is a request for proof of contract to substantiate your claim. Therefore provide me with a certified copy of an original contract, with my signature, specifically naming your company as a person entitled to enforce a commercial claim against me.

Certification must be done through the presence of a third party notary, who duly swears under penalty of perjury the copy made is in fact a copy of the original paper contract in question.

Your failure to respond and provide strict proof of contract will constitute your tacit agreement that you, Mercantile Adjustment Bureau, LLC  are not entitled to enforce a claim against me.

You and your company have 30 days to respond. In the event you cannot provide strict proof of contract through a certified copy you must cease and desist any and all collection,

legal efforts and immediately reverse all action that has been taken against me. You must also remove any and all derogatory information reported to the credit reporting agencies and I request that a copy reflecting this action is sent to me for notification.

In the event that you transfer this account to another agency, you and he will be reported immediately to the State Bar Association and Professional Liability Fund for code of ethics violations.

You and your company have been warned; govern yourself and your company accordingly.


JOY McLEOD